STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0324

TOWER CREDIT, INC.

VERSUS

VERONICA F. PROFIT AND MICHAEL T. LEE

FEB 0 9 2026

Judgment Rendered: _____

* * * * *

ON APPEAL FROM
BATON ROUGE CITY COURT
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER 17-07131

THE HONORABLE JUDY MOORE VENDETTO, JUDGE PRESIDING

* * * * *

| | |
|---|---|
| Jennifer L. Simmons<br>Kyle M. Sepulveda<br>New Orleans, Louisiana | Attorneys for Defendant-Appellant<br>Guerbet, LLC |
| Richard D. Bankston<br>Abbey S. Knight<br>Baton Rouge, Louisiana | Attorneys for Plaintiff-Appellee<br>Tower Credit, Inc. |

**BEFORE:  MILLER, EDWARDS, AND FIELDS, JJ.**

Miller, J dissents w/ reasons

**FIELDS, J.**

This matter is before us on appeal by defendant, Guerbet, LLC, from a judgment of the city court denying its "Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment against Guerbet LLC." For the reasons that follow, we recall the rule to show cause, maintain the appeal, and affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

On August 8, 2017, Tower Credit, Inc. ("Tower") filed suit on a promissory note in the Baton Rouge City Court against Veronica F. Profit and Michael T. Lee seeking judgment in its favor, and against Profit and Lee, for "$7,997.69 together with interest from the date of judicial demand. . . ." Profit and Lee failed to respond to Tower's suit, and Tower obtained a default judgment against them on August 2, 2019. Tower filed a motion for examination of judgment debtor, and the city court ordered Profit, as judgment debtor, to appear in city court on March 10, 2021. On March 10, 2021, the matter came before the court pursuant to assignment for judgment debtor rule, and Profit failed to appear. The city court issued a bench warrant for Profit.

Tower subsequently filed a petition for garnishment, naming Guerbet, LLC ("Guerbet") as garnishee. In the petition, Tower alleged that it had good reason to believe that Guerbet employed Lee and was indebted to him. The city court signed an order directing that Guerbet be cited as garnishee and ordering Guerbet to answer, under oath and in writing, garnishment interrogatories within thirty days from service of process as provided by law.

On March 4, 2024, Tower filed a "Motion for Judgment Pro Confesso" in which it asserted Guerbet was served with garnishment interrogatories on December 1, 2023, and Guerbet failed to answer the interrogatories within thirty days after the date of service. Therein, Tower also prayed that Guerbet be ordered to appear and

2

show cause why judgment should not be entered against it in the amount of the default judgment rendered in the suit, together with all cost of the proceedings, and a reasonable attorney's fee. The rule to show cause was set for June 12, 2024.

On June 6, 2024, Guerbet fax-filed a "Request to Set Aside Hearing to Show Cause." Therein, Guerbet admitted that the garnishment interrogatories were not answered within thirty days after the date of service, but the answers to the interrogatories were completed on May 2, 2024[1], and were provided to counsel for Tower Credit. Guerbet explained that Tower's attorney received a verification of employment from "The Work Number"[2] on May 9, 2024, which indicated Lee was an employee of Guerbet America, LLC, which is an affiliate of Guerbet and its registered agent for service of process in Louisiana. Guerbet asserted the information provided by "The Work Number" was incorrect and Lee was not nor had he ever been an employee of Guerbet America, LLC or Guerbet. "In support, Guerbet attached an email from a representative of "The Work Number" (Ashley Lauer, Client Relationship Manager) to multiple recipients, including "Yulie, Michele, and Eliana," confirming that the information previously provided was incorrect. Guerbet maintained it did not have any "property, funds[,] or credits" of Lee under its control. Guerbet asserted that a judgment against it should not be entered as Lee was not nor had he ever been its employee.[3]

On June 12, 2024, the city court rendered judgment in favor of Tower and against Guerbet in the amount of "$7,997.69, together with interest from the date of judicial demand (August 8, 2017) at the rate of 28.88% per year until June 5, 2020,

---

[1] Guerbet also explained Guerbet America, LLC, an affiliate of Guerbet, is the registered agent for service of process for Guerbet in Louisiana. Guerbet America, LLC and Guerbet are separate legal entities. Guerbet America, LLC received service of Tower's motion for judgment *pro confesso* on April 16, 2024, and the garnishment interrogatories.

[2] The Work Number is an organization that provides employment verification.

[3] The record on appeal does not contain a ruling on the "Request to Set Aside Hearing to Show Cause." However, Guerbet indicates that its motion was not granted.

and 18% per year thereafter until paid in full, together with 25% of the aggregate of principal and interest due as attorney's fee, all costs of [the] proceedings, and an additional attorney's fee of" $300.00 pursuant to La. Code Civ. P. art. 2413.

On July 11, 2024, Guerbet filed the "Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment against Guerbet LLC," contending that it did not employ Lee and has never been the employer of Lee; therefore, the garnishment judgment against it should be vacated due to alleged procedural defects in the garnishment proceedings. Tower opposed the motion, asserting Guerbet's reliance on La. R.S. 13:3923, *et seq.*— the statutory guidelines for garnishing a judgment debtor's wages—was misplaced.

At the hearing on the "Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment against Guerbet LLC" held October 30, 2024, counsel for Guerbet argued that Guerbet never employed Lee, and it never possessed any of Lee's property. Counsel for Guerbet admitted that Guerbet failed to timely answer the interrogatories within thirty days of the December 1, 2023 date of service, but counsel asserted Guerbet eventually answered the interrogatories approximately one month before the June 12, 2024 hearing on the judgment *pro confesso*. In support of counsel for Guerbet's arguments that the city court could reopen the proceedings, counsel relied on this court's decision in **Tower Credit, Inc. v. McGee**, 2023-0787 (La. App. 1st Cir. 9/6/24), 405 So.3d 612, writ denied sub nom, **TKTMJ, Inc. v. Sewerage & Water Board of New Orleans**, 2024-00660 (La. 10/23/24), 394 So.3d 1287, and writ denied, 2024-01392 (La. 1/28/25), 399 So.3d 418. Guerbet's counsel noted that Tower did not traverse Guerbet's answers to the interrogatories and relied on **McGee** to argue that the answers to interrogatories, which stated Lee never worked for Guerbet, were sufficient to rebut Tower's *prima facie* case. Counsel for Guerbet's position was that the affidavit, the letter, and the answer to interrogatories, which all stated that Lee never worked for Guerbet were sufficient to rebut Tower's

4

*prima facie* case. Counsel for Guerbet attempted to introduce a motion with an attached affidavit that attested that Lee did not work for Guerbet, but counsel for Tower objected on the basis that the affidavit was not authenticated and was thus hearsay. Tower's counsel further argued that the affidavit was not relevant at the hearing to reopen the judgment *pro confesso*. [4]

Counsel for Tower primarily argued that the amendment to La. R.S. 13:3923 precluded the court from reopening the hearing. Counsel for Tower further asserted he had evidence to show that "maybe" Guerbet's answers to the interrogatories were not true. He pointed out there were no witnesses nor opponents present at the *pro confesso* hearing. Counsel for Tower noted that **McGee** was distinguishable from the instant case, pointing out that the defendants in **McGee** were present at the *pro confesso* hearing. Following arguments, the city court denied Guerbet's "Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment against Guerbet LLC." On October 30, 2024, the city court signed a judgment in conformity with its oral ruling.

Guerbet filed the instant appeal. On appeal, Guerbet asserts three interrelated assignments of error. Specifically Guerbert contends the city court erred under La. R.S. 13:3923 by: 1) failing to take judicial notice of Guerbet's verified answers to the garnishment interrogatories; 2) failing to deny Tower's motion for judgment *pro confesso*; and 3) failing to grant Guerbet's "Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment against Guerbet LLC" after Guerbet showed no employment relationship with Lee, indebtedness to Lee, or possession of Lee's property in its verified answers that were filed into the record before the *pro confesso* hearing.

---

[4] The city court did not rule on the objection to the affidavit being introduced, but it does not appear that the court considered that evidence in reaching its ruling.

## RULE TO SHOW CAUSE

After the appeal was lodged, this court, *ex proprio motu*, issued a rule to show cause order finding an apparent defect in the October 30, 2024 judgment and ordered the parties to show by briefs why the appeal should not be remanded to correct the defect.[5] Specifically, this court noted the judgment appeared to lack appropriate decretal language as it failed to name specific parties who the ruling was in favor of, against, and identify the relief awarded as required by La. Code Civ. P. art. 1918(A). Following briefing by the parties this court issued an interim order, in which it noted:

> [T]he October 30, 2024 judgment on appeal does not contain any language identifying the name of the party in whose favor the relief is awarded or the name of the party against whom the relief is awarded. As further noted in the Rule to Show Cause Order, the October 30, 2024 judgment also fails to dispose of and/or dismiss the Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment and the claims of the movant, Guerbet, LLC, as set forth therein. See e.g. **Sauce v. Burke**, 2022-0541 (La. App. 1st Cir. 11/7/22), 356 So.3d 439, 445.

This court then remanded the matter for the limited purpose of inviting the city court, in accordance with La. Code Civ. P. art. 1951, to issue an amended judgment that corrected the identified deficiencies and complied with La. Code Civ. P. arts. 1918(A), 1951, and 2088(A)(12).

On August 15, 2025, the record was supplemented with an "Amended Judgment from October 30th, 2024," signed August 4, 2025. The amended judgment

---

[5] In response to the show cause order, Guerbet filed a responsive brief, agreeing that the October 30, 2024 judgment does not contain the proper decretal language and urging this court to remand the matter to the trial court. Tower filed a memorandum, in which it agreed that the October 30, 2024 judgment lacks decretal language. It also argued that the judgment was not a final judgment but instead an interlocutory judgment.

This court has held that judgments denying petitions to annul or motions to annul are appealable, where they dispose of the controversy presented within the context of the nullity action. See e.g. **Carrington v. Carrington**, 2024-1016 (La. App. 1st Cir. 4/11/25), 411 So.3d 852, 862, writ denied, 2025-00830 (La. 10/1/25), 417 So.3d 576. Consistent with the caption of its Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment against Guerbet LLC, Guerbet strictly sought to reopen the garnishment proceeding and vacate the June 12, 2024 judgment in favor of Tower. We construe this motion to be a motion/rule to annul, and find the October 30, 2024, judgment denying Guerbet's motion final and appealable, because it disposed of the entire controversy presented in the motion to vacate.

6

did not contain appropriate decretal language. Therefore, this court issued a second interim order in which it noted "the October 30, 2024 judgment on appeal fails to dispose of and/or dismiss the Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment and the claims of the movant, Guerbet, LLC, as set forth therein. See e.g. **Sauce v. Burke**, 2022-0541 (La. App. lst Cir. 11/7/22), 356 So.3d 439, 445." This court again remanded the matter for the limited purpose of inviting the city court, in accordance with La. Code Civ. P. art. 1951, to issue an amended judgment that specifically indicated whether the judgment on appeal disposed of and/or dismissed the Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment and the claims of movant, Guerbet, LLC, as set forth therein and complied with La. Code Civ. P. arts. 1918"(A), 1951, and 2088(A)(2).

On October 7, 2025, the record was supplemented with a "Second Amended Judgment From October 30th, 2024," signed October 7, 2025. The second amended judgment contains proper decretal language, and as such, we find that the October 30, 2024 judgment as amended by the October 7, 2025 judgment is a valid final judgment. Therefore, we recall the rule to show cause, and maintain the appeal.

## APPLICABLE LAW

A garnishment proceeding is nothing more than a streamlined legal process for obtaining the seizure of property of a judgment debtor in the hands of a third party. **McGee**, 405 So.3d at 615. The test of a garnishee's liability to the judgment creditor is whether the garnishee has in his hands the principal debtor's property, funds, or credits for the recovery of which the debtor has a present subsisting cause of action. **First Pay, Inc. v. Dukes**, 2023-1272 (La. App. 1st Cir. 11/20/24), 405 So.3d 1066, 1070-71, writ granted, 2024-01565 (La. 4/1/25), 403 So.3d 596, rev'd, 2024-01565 (La. 10/24/25), 421 So.3d 942.

7

Louisiana's general garnishment provisions are set forth in La. Code Civ. P. art. 2411, *et seq.*, and specialized wage garnishment procedures are located in La. R.S. 13:3921, *et seq.* **First Pay, Inc.,** 405 So. 3d at 1071. The provisions must be read in *para materia* and must be considered supportive of each other. Otherwise, the wage garnishment proceedings could be ignored by obtaining judgment under codal provisions thereby precluding the garnishee from seeking relief under the statutory provisions creating his liability in the first instance. See **McGee,** 405 So.3d at 615. The effects of the garnishee's failure to answer garnishment interrogatories within the appropriate delays are governed by La. Code Civ. P. art. 2413, which provides:

> A. If the garnishee fails to answer within the delay provided by Article 2412, the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs. When the garnishee is a state agency or department within the executive branch of state government, the party designated for service of garnishment petitions in Article 2412(B) shall be notified of the intent to file such a motion by certified mail at least fifteen days prior to the filing of the motion. *The failure of the garnishee to answer prior to the filing of such a contradictory motion is prima facie proof that he has property of or is indebted to the judgment debtor to the extent of the judgment, interest, and costs.*
>
> B. Judgment shall be rendered against the garnishee on trial of the motion unless he proves that he had no property of and was not indebted to the judgment debtor. If on the trial of such motion, the garnishee proves the amount of such property or indebtedness, the judgment against the garnishee shall be limited to the delivery of the property or payment of the indebtedness, as provided in Article 2415.
>
> C. Regardless of the decision on the contradictory motion, the court shall render judgment against the garnishee for the costs and a reasonable attorney fee for the motion.

(Emphasis added). Under these provisions, the garnishee's failure to file a sworn answer to garnishment interrogatories creates a rebuttable *prima facie* case against the garnishee and entitles the seizing creditor to move for a judgment *pro confesso,* *i.e.,* a judgment against the garnishee for the amount of the judgment, interest, and costs. **First Pay, Inc.,** 405 So.3d at 1072.

8

Though a garnishee's failure to file a sworn answer to garnishment interrogatories entitles the judgment creditor to file a motion for judgment *pro confesso*, said motion is not self-executing. Instead, "until a contradictory motion is filed against the garnishee for the amount of the judgment, the stage is not set for a default judgment against the garnishee." **First Pay, Inc.**, 405 So.3d at 1072.

Garnishment procedure is addressed in La. R.S. 13:3923, which provides:

A. It shall not be necessary that more than one writ of garnishment or one set of interrogatories be served in a garnishment proceeding, but the court shall render judgment for the monthly, semimonthly, weekly, or daily payments to be made to the seizing creditor according to the manner best suited to the circumstances, until the indebtedness is paid. The garnisher shall serve upon the garnishee the citation, the petition, the garnishment interrogatories, the notice of seizure, and a statement of sums due under the garnishment, such statement to include but not be limited to the principal, interest, court costs incurred to date, and attorney fees due under the judgment. The court, in its discretion, may reopen the case upon the motion of any party concerned for evidence affecting the proper continuance of the garnishment judgment, and the court shall retain jurisdiction to amend or set aside its garnishment judgment at any time in its discretion; however, all effects of the seizure by garnishment shall cease upon the termination of employment of the debtor with the garnishee, unless the debtor is reinstated or reemployed within one hundred eighty days after the termination. Should judgment by default be taken against any party garnishee, he may obtain a reopening of the case upon proper showing and within the discretion of the court.

B. Nothing in this Section is meant to affect judgments rendered pursuant to Code of Civil Procedure Article 2413.

## JUDICIAL NOTICE

Guerbet contends the city court erred by failing to take judicial notice of its verified answers at or prior to the *pro confesso* hearing and by failing reopen the garnishment and/or deny Tower's motion for judgment *pro confesso*.

In the present matter, it is undisputed that Guerbet was served with and failed to answer garnishment interrogatories under oath prior to the filing of the motion for judgment *pro confesso*. Therefore, *prima facie* proof was established, and the burden shifted to Guerbet to prove at the trial on the motion that it had no property of and was not indebted to Tower. See La. Code Civ. P. art. 2413(B). The fact that the

interrogatory answers were made part of the record is not in dispute, but the fact that Guerbet filed its answers to the garnishment interrogatories prior to the trial on the motion did not relieve Guerbet of the burden of rebutting the *prima facie* proof established by its initial failure to answer. See **McGee**, 405 So.3d at 617-18. The question is whether the answers were sufficient to show Guerbet did not employ Lee or possess his property. **Id**. at 618.

It is undisputed that Guerbet failed to appear at the *pro confesso* hearing and there was no evidence or testimony introduced at the hearing. In Guerbet's answers to the interrogatories, it denied ever employing Lee or possessing any of Lee's property. In fact, Guerbet indicated that Lee was employed by Liebel-Flarsheim Company, LLC. However, in its "Request to Set Aside Hearing To Show Cause", Guerbet acknowledged that on May 9, 2024, Tower received a verification of employment from "The Work Number" that Lee was an employee of Guerbet America, LLC. Guerbet further asserted that "The Work Number" has since confirmed that it provided Tower with incorrect information. In support, Guerbet attached to its "Request to Set Aside Hearing To Show Cause" an email from Ashley Lauer, Client Relationship Manager, representing "The Work Number." In the email, Lauer confirmed "the name(s) did reflect incorrectly as of 5/30/24, anything prior to that would have shown the incorrect company name."

The court may permit the late filing of answers "to rebut the judgment creditor's *prima facie* case." **Id**. at 618. Therefore, the jurisprudence considers tardy answers, in the context of a *pro confesso* hearing, as rebuttal evidence. This court has explained that "Where a garnishee's answers are not traversed and disproved, the extent of his liability is to be tested solely by his said answers." **Id**.

Considering there was no evidence or testimony presented at the hearing, the trial court's decision to grant the motion for judgment *pro confesso* was necessarily based on its consideration of the interrogatory answers of record. In Guerbet's

10

answers to the interrogatories, it explicitly denied ever employing Lee and possessing any of his property, but in Guerbet's Request to Set Aside the Hearing to Show Cause, it acknowledged that Tower received information from "The Work Number," which indicated that Lee worked for Guerbet America, LLC. However, Guerbet alleged that "The Work Number" later confirmed that the information it had initially provided Tower was incorrect. Had Guerbet attended the contradictory hearing, it would have been given the opportunity to present evidence to demonstrate that Lee was not its employee and the city court would have been given the opportunity to weigh the evidence in this matter. Implicit in the city court's ruling is a finding that Guerbet's answers to the interrogatory was not sufficient to show it did not employ Lee or possess his property. See **McGee**, 405 So.3d at 618. Therefore, we find this argument to be without merit.

### MOTION TO REOPEN

Guerbet contends the city court erred by denying its "Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment against Guerbet LLC," as the city court maintained jurisdiction over the garnishment proceedings and it filed its verified answers into the record prior to the *pro confesso* hearing. (Appellant br. 18).

Recently, in **First Pay, Inc.**, 405 So.3d 1066, this court addressed whether La. R.S. 13:3923 authorizes a city court to reopen a case after the court grants a judgment *pro confesso*. In that case, after the city court issued an order of garnishment to the judgment debtor's alleged employer, Quantix, garnishment interrogatories were issued to Quantix by personal service. Quantix did not answer the garnishment interrogatories within the delays provided by law. The successor-in-interest to the judgment creditor, Richard D. Bankston, Attorney at Law, Inc., filed a motion for judgment *pro confesso* pursuant to La. Code Civ. P. art. 2413. The motion for judgment *pro confesso* was set for hearing, and Quantix received notice

11

of same and provided answers to the garnishment interrogatories to Mr. Bankston. However, Quantix did not file its answers to the garnishment interrogatories into the record. **First Pay, Inc.**, 405 So.3d at 1069.

Quantix did not appear at the hearing on the motion for judgment *pro confesso*. Later that same day, the city court signed a written judgment in favor of Mr. Bankston, in the full sum of $32,873.04, together with interest and attorney's fees. Over two months after the city court signed the judgment *pro confesso*, Quantix filed a "Motion to [Reopen] Garnishment Proceedings" pursuant to La. R.S. 13:3923, asserting that it never employed the judgment debtor, and it was never indebted to him or responsible for any debt he purportedly owed the judgment creditor. **Id**. at 1069. Following a hearing on the "Motion to [Reopen] Garnishment Proceedings", the city court set aside and vacated the judgment *pro confesso*. Mr. Bankston appealed. **Id**. at 1070.

On appeal, this court found the current version of La. R.S. 13:3923 applied to the motion to reopen the garnishment proceedings, noting the plain language of La. R.S. 13:3923(B) explicitly stated that the statute is not meant to affect judgments rendered pursuant to La. Code Civ. P. art. 2413. Therefore, this court concluded that the *pro confesso* judgment rendered pursuant to La. Code Civ. P. art. 2413 was not subject to being amended or vacated by the city court pursuant to paragraph (A) of La. R.S. 13:3923. This court reversed the city court's judgment granting the motion to reopen the garnishment proceedings and vacating the judgment *pro confesso* pursuant to La. R.S. 13:3923. **Id**. at 1074.

The Louisiana Supreme Court granted writs to consider whether La. R.S. 13:3923, as amended by 2022 La. Acts No. 265, § 1 (eff. Aug. 1, 2022), provides a trial court discretion to reopen and reconsider a judgment *pro confesso* against a garnishee. The Court reversed this court's judgment and reinstated the city court's

judgment, which vacated its original judgment in favor of Mr. Bankston and against Quantix. **First Pay, Inc. v. Dukes**, 2024-01565 (La. 10/24/25), 421 So.3d 942, 949.

The Supreme Court agreed with this court's majority opinion that, pursuant to the rules of statutory interpretation La. R.S. 13:3923 is clear and unambiguous. The Court, nevertheless, did not end its inquiry there. The Supreme Court noted, "the trial court was not informed before the [*pro confesso*] hearing that Mr. Bankston had, in fact, received Quantix's sworn answers to interrogatories—**which denied any involvement with the purported debtor-employee.**" **First Pay, Inc.**, 421 So.3d 942, 947-48. The Supreme Court found that "[p]recluding reopening this proceeding, where the trial court's judgment was based upon the omission of material information, would lead to a demonstrably absurd result." **Id**. at 948.

The instant case is distinguishable from **First Pay, Inc.** Here, Guerbet failed to appear at the judgment *pro confesso* hearing, but its answers to the interrogatories were filed in the record prior to the *pro confesso* hearing. Furthermore, there was no allegation that Tower misrepresented any information to the city court judge before she rendered judgment. Therefore, there was no omission of material information in the instant case. Since Guerbet failed to attend the *pro confesso* hearing, the city court was unable to weigh the competing evidence, if any existed. Accordingly, we cannot say that the city court's judgment would lead to an absurd result.

Louisiana Revised Statutes 13:3923(B) expressly states that the statute is not meant to affect judgments rendered pursuant to La. Code Civ. P. art. 2413. Since La. R.S. 13:3923 is clear and unambiguous, see **First Pay, Inc.**, 421 So.3d at 947. and having found that the city court's judgment would not lead to an absurd result, the October 30, 2024 *pro confesso* judgment rendered pursuant to La. Code Civ. P. art. 2413 was not subject to being amended or vacated by the city court pursuant to La. R.S. 13:3923(A). See **Tower Credit, Inc. v. Morris**, 2024-0269 (La. App. 1st Cir. 12/18/25), 2025 WL 3678016; see also **First Pay, Inc. v. Guy**, 2024-1220 (La.

13

App. 1st Cir. 12/17/25), 2025 WL 3650632. Accordingly, we affirm the city court's judgment denying Guerbet's "Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment against Guerbet, LLC" and dismissing all of Guerbet's claims.

## CONCLUSION

For the foregoing reasons, we recall the rule to show case, maintain the appeal, and affirm the October 30, 2024 judgment as amended by the October 7, 2025 judgment denying Guerbet, LLC's "Motion to Reopen the Garnishment and Motion to Vacate the Garnishment Judgment against Guerbet, LLC" and dismissing all of Guerbet's claims. Costs of the appeal are assessed to Guerbet, LLC.

**RULE TO SHOW CAUSE RECALLED; APPEAL MAINTAINED; JUDGMENT AFFIRMED.**

14

| STATE OF LOUISIANA | TOWER CREDIT, INC. |
|---|---|
| COURT OF APPEAL | VERSUS |
| FIRST CIRCUIT | VERONICA F. PROFIT AND MICHAEL T. LEE |
| DOCKET NUMBER | 2023 CA 0324 |

**MILLER, J., dissenting.**

I respectfully dissent.

It is clear from the interrogatory answers and affidavit that Guerbet, LLC (the "garnishee") never employed the judgment debtor nor possessed any property of the judgment debtor. Guerbet, LLC unequivocally answered "NO" to all of the relevant interrogatories and further supplemented its interrogatory responses with an affidavit, which offered an explanation as to how an incorrect phone listing may have been the source of Tower Credit's misguided pursuit. Tower Credit offered no contradictory evidence in traversal at the hearing. Thus, any attempt to characterize the garnishee's interrogatory answers as "conditioned" or "qualified" grossly misconstrues the pleadings.

The Louisiana Supreme Court has recently emphasized that the statutory scheme for wage garnishment "is not meant to provide a basis for a judgment in favor of judgment creditors against employers who may be tardy, but nonetheless establish that they hold no property due the creditor. ... 'If the law were otherwise, garnishees could be, and would often be, mulcted for the benefit of persons to whom they are due nothing.'" First Pay, Inc. v. Dukes, 2024-01565 (La. 10/24/25), 421 So. 3d 942, 948 ("First Pay"), citing Tower Credit, Inc. v. McGee, 2023-0787 (La. App. 1st Cir. 9/6/24), 405 So. 3d 612, 618, writ denied sub nom., TKTMJ, Inc. v. Sewerage & Water Board of New Orleans, 2024-00660 (La. 10/23/24), 394 So. 3d 1287, and writ denied, 2024-01392 (La. 1/28/25), 399 So. 3d 418, quoting Tower

1

Credit, Inc. v. Williams, 2022-0106 (La. App. 1st Cir. 9/16/22), 352 So. 3d 1029, 1037, writ granted, judgment vacated in part, 2022-01556 (La. 2/7/23), 354 So. 3d 659, Chutz, J., dissenting. See also First Pay v. Dukes, 2023-1272 (La. App. 1st Cir. 11/20/24), 405 So. 3d 1066, 1078, Miller and Stromberg, J.J., dissenting, citing Tower Credit v. McGee, 2023-0787 (La. App. 1st Cir. 9/6/24), 405 So. 3d 612, 618 ("[T]he goal of a garnishment proceeding is to seize a debtor's property in the hands of a third-party employer - not to force Louisiana employers/garnishees to turn over property they do not possess, nor to make employers/garnishees the guarantors of their employees' debt.").

Here, in spite of these admonitions and instruction, the majority sanctions a result forcing a random unsuspecting business to turn over property it does not possess on behalf of a third-party debtor that it has never employed.[1] While the judgment against Guerbet, LLC provides a formula to calculate the amount allegedly due, it does not reflect a sum certain. However, the unsworn affidavit of sums due filed with the garnishment indicates that $25,806.65 was due as of October 4, 2023, and that interest, attorney's fees, and costs continue to accrue today.

In the instant case, as was the case in First Pay, the garnishee forwarded answers to Tower Credit's attorney before the hearing. See First Pay, Inc., 421 So. 3d at 944. Unlike in First Pay, the answers were further filed into the record. In an

---

[1] In addressing this similar factual situation in First Pay, the Supreme Court noted:

What began as a small debt owed by Mr. Dukes has resulted in a judgment against Quantix in excess of $100,000, with interest still accruing. This has occurred notwithstanding Quantix's consistent denial of any relationship with Mr. Dukes at all. Upon reopening of the proceedings, if Quantix disproves the codal prima facie presumption and bears its burden to prove that it was never Mr. Dukes' employer, was never indebted to him, and was never responsible for any of his debts, then Quantix should not owe this judgment. Significant to our decision, Mr. Bankston is both a counsel of record and the underlying judgment creditor. Under these unique facts, Quantix should be given its day in court to prove Mr. Dukes was not its employee.

First Pay, Inc., 421 So. 3d at 948-949.

attempt to distinguish the facts before us from those in <u>First Pay</u>, the majority wrongly characterizes the interrogatory answers as somehow inadequate. This interpretive error serves to enable a budding cottage industry for manufacturing judgments *pro confesso* that seems to have developed to the detriment of our business community.

Unlike an ordinary default judgment, which is confirmed through the application of rigid, defined rules of procedure and evidence, <u>see</u> La. C.C.P. arts. 1702, *et seq.*, 1002, 1843, 2002, 3205, 4904, 4921, 284, a judgment *pro confesso* is won simply by a mere unsubstantiated allegation, as demonstrated here. In my view, denying the maligned garnishee the opportunity to reopen the garnishment proceedings under these circumstances is absurd.